# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al. | No. CV 22-412-TUC-JAS |
| Plaintiffs, | **ORDER** |
| v. | |
| Randy Moore, et al. | |
| Defendants. | |

**DISCUSSION**

Pending before the Court is a Report and Recommendation (Doc. 141) issued by United States Magistrate Judge Martinez.[1] The Report and Recommendation recommends granting in part and denying in part the parties' motions for summary judgment. The Court has reviewed the entire record in this case (*see* Docs. 1 to 150) and the relevant legal authority bearing on this case. The parties filed objections to the Report and Recommendation.[2]

As a threshold matter, as to any new evidence, arguments, and issues that were not timely and properly raised before United States Magistrate Martinez, the Court exercises its discretion to not consider those matters and considers them waived.[3]  *United States v.*

---

[1] The Court notes that after the issuance of the Report and Recommendation, Judge Martinez was subsequently confirmed as a United States District Judge for the District of Arizona.

[2] Unless otherwise noted by the Court, internal quotes and citations have been omitted when citing authority throughout this Order.

[3] As a general matter, the Court notes that it has had numerous problems with parties in many cases attempting to raise new issues that could have been raised before the United States Magistrate Judge. The Court does not abide such actions, and allowing such actions

*Howell*, 231 F.3d 615, 621-623 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation . . . [I]n making a decision on whether to consider newly offered evidence, the district court must . . . exercise its discretion . . . [I]n providing for a *de novo* determination rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate judge's proposed findings and recommendations . . . The magistrate judge system was designed to alleviate the workload of district courts . . . To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round . . Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging. [I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) ("Finally, it merits re-emphasis that the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice.").

Assuming that there has been no waiver, the Court has conducted a *de novo* review as to the parties' objections. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after

---

undermines the Court's ability to properly manage the hundreds of cases pending before the Court. *See United States v. Ramos*, 65 F.4th 427, 435 n. 5 (9th Cir. 2023) ("Ramos's motion for reconsideration argued that the district court failed to conduct de novo review because the order adopting the report and recommendation stated that 'as to any new ... arguments ... not timely ... raised before [the magistrate judge], the Court exercises its discretion to not consider those matters and considers them waived'" even though, according to Ramos, the case raised no waiver issue. But this argument misses the point. The fact that the order contained extraneous language does not negate the district court's multiple assertions that it conducted de novo review and the magistrate judge's proper analysis in recommending denial of the motion to suppress.").

being served with [the Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.").

As referenced above, in addition to reviewing the Report and Recommendation and any objections and responsive briefing thereto, the Court's *de novo* review of the record includes review of the record and authority before United States Magistrate Judge Martinez which led to the Report and Recommendation in this case.

Upon *de novo* review of the record and authority herein, the Court finds the parties' objections to be without merit (*except as specifically noted in Footnote 4 below*), rejects those objections, and adopts United States Magistrate Judge Martinez's Report and Recommendation.[4] *See*, *e.g., United States v. Rodriguez*, 888 F.2d 519, 522 (7th Cir. 1989)

---

[4] The Court declines to follow the Report and Recommendation ("RR") to the extent it finds error with the Camp BiOp. The RR found that while the Cabins had been continuously occupied without causing nearby red squirrels ("squirrel") to abandon the surrounding forest habitat, the Camp had not been operational since 2017 (which is incorrect), and thus the Camp BiOp should be remanded to the U.S. Fish & Wildlife Service ("FWS") for further analysis of whether renewed human presence at the Camp would impact the nearby squirrels. As a threshold matter, Plaintiffs never properly raised the issue of renewed human presence at the Camp, and therefore this was not a proper ground to find error with the Camp BiOp. In addition, while the Camp has not been *fully* operational since 2017, it has nonetheless had *limited* operation since 2017 inasmuch as it hosted some campers in 2019 and there has been minor maintenance and repairs since 2017. Furthermore, even if the issue of renewed human presence had been properly raised, the administrative record nonetheless supports the FWS's finding that operation of the Camp is unlikely to cause the squirrel to abandon the Camp area. For example, the record reflects numerous factors that supports the FWS's no-jeopardy findings: the Cabins and Camp are both located in the Ash Creek drainage of Mount Graham which is part of the squirrel habitat; the Cabins and Camp occupy approximately 45 acres and 46 acres of the Ash Creek drainage – the Ash Creek drainage accounts for 5,094 acres on Mount Graham; the Cabins have existed since at least 1955 and the Camp has existed since 1966; the Camp is only three-quarters of a mile to the northeast of the Cabins; the majority of the Camp and Cabins area is canopied, wooded habitat hospitable to the squirrel; the squirrel has used the habitat near the Cabins and Camp for decades and has coexisted with the Cabins and Camp for decades; at least nine middens (i.e., also referred to as "squirrel refrigerators" where squirrels cache conifer cones and fungi in their habitat – middens are used as a proxy for estimating squirrel population) have been found near the Cabins from 1996 to the present, and five squirrel middens have been found in the Camp area since 1996 – at least three of

("Rodriguez is entitled by statute to *de novo* review of the subject. Under *Raddatz* [447 U.S. 667 (1980)] the court may provide this on the record compiled by the magistrate. Rodriguez treats adoption of the magistrate's report as a sign that he has not received his due. Yet we see no reason to infer abdication from adoption. On occasion this court affirms a judgment on the basis of the district court's opinion. Affirming by adoption does not imply that we have neglected our duties; it means, rather, that after independent review we came to the same conclusions as the district judge for the reasons that judge gave, rendering further explanation otiose. When the district judge, after reviewing the record in the light of the objections to the report, reaches the magistrate's conclusions for the magistrate's reasons, it makes sense to adopt the report, sparing everyone another round of paper."); *Bratcher v. Bray-Doyle Independent School Dist. No. 42 of Stephens County, Okl.*, 8 F.3d 722, 724 (10th Cir. 1993) ("*De novo* review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court . . . The district court's duty in this regard is satisfied only by considering the actual testimony [or other relevant evidence in the record], and not by merely reviewing the magistrate's report and recommendations . . . On the other hand, we presume the district court knew of these requirements, so the express references to *de novo* review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear

---

which were active as of the issuance of the Camp BiOp in May of 2022; the Camp would continue to be used in a similar manner as the past (i.e., as a government or non-profit entity using Forest Service land to educate and introduce young people and/or individuals with disabilities to nature – substantial financial support for the Camp going forward has been approved by charitable organizations such as the United Way); the Camp would also continue to have similar restrictions and mandates to the past (which minimize disruptions to the squirrel) – it would only be open from April 15 to November 15, permits would limit noise, visual disturbance and removal of existing habitat, the Forest Service would conduct annual inspections and monitor nearby middens for continued occupancy, and the Forest Service would continue to provide annual briefings and educational outreach about not disturbing the squirrel or its habitat; the Camp and Cabins have only been used seasonably (April 15 to November 15) and intermittently for decades such that there has been alternating periods of increased or decreased human presence for decades – yet the squirrels and Cabins and Camp have coexisted for decades without causing the squirrel to abandon nearby forested habitat. Lastly, the Court notes that the RR recommends a limited remand (without vacatur) regarding an issue pertaining to the Incidental Take Statements ("ITSs"); the Court agrees with the RR and Defendants' position that vacatur of the BiOps or ITSs are not necessary on remand under the circumstances of this case. *See California Communities Against Toxics v. United States EPA*, 688 F.3d 989, 992 (9th Cir. 2012).

indication otherwise . . . Plaintiff contends . . . the district court's [terse] order indicates the exercise of less than *de novo* review . . . [However,] brevity does not warrant look[ing] behind a district court's express statement that it engaged in a *de novo* review of the record."); *Murphy v. International Business Machines Corp.*, 23 F.3d 719, 722 (2nd Cir. 1994) ("We . . . reject Murphy's procedural challenges to the granting of summary judgment . . . Murphy's contention that the district judge did not properly consider her objections to the magistrate judge's report . . . lacks merit. The judge's brief order mentioned that objections had been made and overruled. We do not construe the brevity of the order as an indication that the objections were not given due consideration, especially in light of the correctness of that report and the evident lack of merit in Murphy's objections."); *Gonzales-Perez v. Harper*, 241 F.3d 633 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a *de novo* review of the record related to the objections, which requires more than merely reviewing the report and recommendation . . . This court presumes that the district court properly performs its review and will affirm the district court's approval of the magistrate's recommendation absent evidence to the contrary . . . The burden is on the challenger to make a *prima facie* case that *de novo* review was not had."); *Brunig v. Clark*, 560 F.3d 292, 295 (5th Cir. 2009) ("Brunig also claims that the district court judge did not review the magistrate's report *de novo* . . . There is no evidence that the district court did not conduct a *de novo* review. Without any evidence to the contrary . . . we will not assume that the district court did not conduct the proper review."); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) ("Under this statutory scheme [of the Federal Magistrates Act], the district court did what § 636(b) requires: it indicated that it reviewed the record de novo, found no merit to Ramos's objections, and summarily adopted the magistrate judge's analysis in his report and recommendation. We have presumed that district courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections.").[5]

---

[5] *See also Pinkston v. Madry*, 440 F.3d 879, 893-894 (7th Cir. 2006) (the district court's assurance, in a written order, that the court has complied with the *de novo* review

- 5 -

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

(1) United States Magistrate Judge Martinez's Report and Recommendation (Doc. 141) is accepted and adopted (except as specifically discussed in Footnote 4).

(2) The parties' motions for summary judgment (Docs. 129, 133) are granted in part and denied in part.

(3) This case is remanded (without vacatur) only as to the ITSs regarding the issue of determining a clear standard for when anticipated take has been exceeded as a result of the proposed actions. The Clerk of the Court shall enter judgment and close the file in this case.

Dated this 29th day of August, 2024.

Honorable James A. Soto
United States District Judge

---

requirements of the statute in reviewing the magistrate judge's proposed findings and recommendation is sufficient, in all but the most extraordinary of cases, to resist assault on appeal; emphasizing that "[i]t is clear that Pinkston's argument in this regard is nothing more than a collateral attack on the magistrate's reasoning, masquerading as an assault on the district court's entirely acceptable decision to adopt the magistrate's opinion . . ."); *Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000) ("The district court's order is terse . . . However, neither 28 U.S.C. § 636(b)(1) nor Fed.R.Civ.P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a *de novo* review of the record . . . It is common practice among district judges . . . to [issue a terse order stating that it conducted a *de novo* review as to objections] . . . and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's [terse] statement as establishing that it failed to perform the required *de novo* review . . . We hold that although the district court's decision is terse, this is insufficient to demonstrate that the court failed to review the magistrate's recommendation *de novo*."); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is required to conduct a *de novo* determination of those portions of the magistrate judge's report and recommendations to which objections have been filed. But this *de novo* determination is not the same as a *de novo* hearing . . . [I]f following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own.").